## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.J.**

**No. 14-0019** (Mercer County 13-JA-065)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Michael P. Cooke, from an order entered December 13, 2013, in the Circuit Court of Mercer County, which terminated her parental rights to twenty-month-old K.J. The guardian ad litem for the child, Patricia Kinder Beavers, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred when it failed to grant her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Late in the evening on May 30, 2013, Petitioner Mother requested her friend J.C. care for the child. Upon retrieving the child from Petitioner Mother's home and returning to her own home, J.C. observed that the child had a black eye and other marks on her face and body. After receiving a referral based on these injuries, the DHHR visited petitioner's home, which smelled of alcohol and had a bucket of empty beer bottles on the front porch. While the child was examined at the hospital, petitioner kept falling asleep and later left the hospital without the child and without inquiring about the child's test results or care. The DHHR's abuse and neglect petition followed, alleging these events and that the cause of the child's multiple facial contusions, bodily injuries, bruises, and cuts were unknown; that when asked about the child, petitioner gave the child's incorrect age; that when petitioner observed the child's facial injuries, she stated that she "didn't do [that]"; and that petitioner agreed to a temporary protection plan for the child to stay with a relative. Petitioner waived her right to a preliminary hearing.

At the adjudicatory hearing in September of 2013, petitioner's caseworkers testified that petitioner had been testing positive for cocaine and opiates in all of her drug screens and had been missing her visits with the child. Petitioner testified that she had no knowledge of the cause of her child's injuries and that she would be willing to go to treatment for her drug addiction. Petitioner also testified that she had been working construction jobs for a man she depended on for housing. This man testified that he had not observed any injuries on the child and that he was

1

arrested for cocaine possession about a year prior. Petitioner's brother testified that petitioner previously lost custody to two other children.

After considering this evidence along with a physician's letter that opined that the child's injuries were highly suspicious and were sustained as a result of physical assault, the circuit court adjudicated the child as abused and neglected and found that her serious bodily injuries constituted aggravated circumstances under West Virginia Code § 49-6-3(d)(1). The circuit court subsequently denied petitioner's written motion for a post-adjudicatory improvement period. Ultimately, in December of 2013, after hearing further testimony at petitioner's dispositional hearing, the circuit court terminated petitioner's parental rights to the child. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred when it failed to grant her a post-adjudicatory improvement period. Petitioner asserts that she openly admitted to having a drug problem and that she would participate in substance abuse treatment. Petitioner asserts that these admissions provided clear and convincing evidence that she would have complied with the terms of an improvement period.

Upon our review of the record, we find no error by the circuit court. West Virginia Code § 49-6-12(b) directs that a circuit court has the discretion to grant a post-adjudicatory improvement period if the subject parent has filed a written motion for an improvement period that demonstrates by clear and convincing evidence that he or she is likely to fully participate in the improvement period. We have also held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close

2

interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Under West Virginia Code § 49-6-3(d)(1), the DHHR is also not required to make reasonable efforts to preserve the family if the circuit court has determined that aggravated circumstances exist.

Our review of the record reveals that petitioner made no efforts to treat her drug abuse while this case was open. Specifically at the adjudicatory hearing, after which petitioner filed her motion for an improvement period, several caseworkers and other witnesses testified that petitioner continued to test positive for cocaine and opiates, missed visitation with the child, and missed parenting and adult skills classes. One caseworker testified that, against medical advice, petitioner checked herself out of a short-term substance abuse treatment program the same day she checked in. This evidence supports the circuit court's decision to deny petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II